UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHEL A. D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-0064-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1974, has a high school education, and has worked as a receptionist and industrial cleaner. AR 1528, 1933-34, 1940. Plaintiff was last gainfully employed in or around 2013/2014. AR 1903.

Plaintiff filed SSI and DIB applications in 2017, alleging disability as of July 22, 2015. AR 779-91. *See also* AR 1507-08 (noting SSI claim subsequently filed, deemed duplicative, and

the consolidation of the claim files, as well as earlier-filed SSI and DIB applications that became administratively final in July 2015). Plaintiff's applications were denied initially and on reconsideration, and she requested a hearing. AR 656-57, 722-30. The ALJ conducted a hearing on June 20, 2018, AR 565-607, and issued a December 4, 2018 decision finding Plaintiff not disabled, AR 547-556. The Appeals Council denied Plaintiff's request for review, AR 1-7, and Plaintiff initiated a civil action. On July 26, 2021, this Court remanded Plaintiff's claims for further administrative proceedings based on the parties' stipulation. AR 1642-43.

On remand, an ALJ held a hearing on August 11, 2022, and Plaintiff amended her alleged onset date to March 25, 2014. *See* AR 1507, 1665. On September 14, 2022, the ALJ issued a decision finding Plaintiff not disabled. AR 1665-82. Plaintiff again appealed the decision to this Court, and the parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3. The Court, by Order dated April 11, 2023, granted the Commissioner's unopposed motion to remand due to an inaudible recording of the August 2022 hearing, and remanded the matter for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g). AR 1697-1703; Dkt. 12.

Following remand, an ALJ held a third hearing on February 28, 2024. AR 1544-76. On May 24, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 1507-30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since March 25, 2014, the amended alleged onset date.

**Step two**: Plaintiff has the following severe impairments: lumbar and cervical spine degenerative disc disease; status post right foot fracture; asthma; right hip condition; right shoulder condition; obesity; peripheral neuropathy; and status post bilateral breast cancer treatment.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform light work, except that she can stand/walk a total of two hours and sit six hours in an eight-hour day; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; cannot climb ladders, ropes, or scaffolds; occasionally push/pull with bilateral upper and lower extremities and reach overhead with bilateral upper extremities; can tolerate occasional exposure to wetness, humidity, dusts, fumes, gases, odors, poor ventilation, and other pulmonary irritants; cannot work in extreme heat or cold, and never be exposed to vibration; cannot work at unprotected heights or around moving mechanical parts; can understand, remember, and carry out simple, routine, and repetitive tasks, involving simple work-related decisions and occasional decision making and changes in work setting.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 1507-30. Following this decision, the Court granted the parties' stipulated motion to reopen the case. Dkts. 13-14.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[2] 20 C.F.R. Part 404, Subpart P., App. 1.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in evaluating the medical evidence and her symptom testimony, and in the assessment of her RFC at step four and her conclusion at step five. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Err in Evaluating the Medical Evidence

Because Plaintiff's applications predate March 2017, the prior regulations for evaluating medical opinion evidence apply. *See* 20 C.F.R. §§ 404.1527, 416.927. Under these regulations, a treating or examining physician's opinion, if uncontradicted, can only be rejected for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, it can only be rejected for "specific and legitimate reasons" supported by substantial evidence. *Id.* at 830-31. An ALJ may reject opinions from a non-examining physician by reference to specific evidence in the medical record, *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998), and opinions from "other sources", such as advance registered nurse practitioners (ARNP), by

providing reasons germane to that source, *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (citing *Molina*, 674 F.3d at 1111).

Plaintiff argues the ALJ failed to properly evaluate the opinion evidence from Erin Grady, ARNP, and Heather Deming, Psy.D., other medical evidence, and the opinions of the non-examining State agency physicians. The Court addresses these arguments in turn.

### 1. Erin Grady, ARNP

In an undated assessment containing a May 2018 faxing date, ARNP Grady opined Plaintiff could stand or sit no more than thirty minutes at a time and walk no more than 100 feet without stopping, needed to lie down during the day, could rarely reach above her shoulders or down to waist level or the floor, could frequently handle objects and handle with her fingers, and could lift/carry less than five pounds. AR 1465-68. In December 2019, Grady opined that, for the period between July 22, 2015 and June 30, 2018, Plaintiff could walk no more than one block, sit for five-to-ten minutes and stand five minutes at one time, and sit or stand/walk for less than two hours in an eight-hour day; needed to shift between sitting, standing, and walking and one minute periods of walking every five-to-ten minutes; needed unscheduled breaks three-to-four times a day for ten-to-twenty minutes; should elevate her legs sixty percent of the day; needed a cane or other assistive device while in engaging in occasional standing/walking; could lift less than ten pounds rarely; could never twist, stoop/bend, crouch/squat, or climb stairs or ladders; could reach with her arms in front fifty percent and overhead thirty percent of the day; was likely to be "off task" twenty-five percent or more of the day; was capable of "moderate stress-normal work"; would likely have "good days" and "bad days"; and would likely be absent from work more than four days per month. AR 4299-303.

The ALJ gave Grady's opinion little weight "because she provided insufficient rationale for such profound limitations, and her assessments are not consistent with other evidence of record." AR 1527. The ALJ found the opinions on walking, sitting, and standing not supported by the overall treatment record, and pointed to her earlier finding that the record showed a generally benign clinical presentation and conservative course of treatment, that Plaintiff presented with normal gait and strength, and that examiners did not regularly observe pain behavior or suggest difficulties with walking. AR 1527-28. She found the opinions that Plaintiff needed to elevate her legs most of the day due to swelling and pain and required a cane for even occasional standing or walking not supported by the record, which did not document ongoing swelling, reports from Plaintiff that she needed to regularly elevate her legs, a medical need or use of an assistive device, or Plaintiff's presentation to appointments using a cane. AR 1528. The ALJ found the opinions as to time off task, missing work, and unscheduled breaks conclusory and unsupported, stating they were not supported by objective findings in Grady's own treating records or in any other evidence, and were therefore no more than speculation. *Id*. The ALJ, finally, stated that she found the opinions of the non-examining State agency physicians more reliable evaluations of Plaintiff's functioning.

Plaintiff notes that Grady was her primary care provider and asserts the ALJ failed to identify specific evidence actually inconsistent with Grady's opinions, or acknowledge the consistency of the opinions with Grady's own findings, the findings of other treating providers, and MRI imaging. She points, in support, to her description of other medical evidence in the record. Plaintiff also asserts that because her impairments can reasonably be expected to require her to elevate her legs and use a cane, the ALJ did not state any convincing reasons for rejecting those opinions, for which Grady had a longitudinal basis. Plaintiff, finally, states that Grady's

DECISION - 6

clinical findings, observations, and longitudinal knowledge of Plaintiff's medical history support the opinions as to time off task, absences, and unscheduled breaks.

The Court finds no error.  The ALJ provided several valid reasons for assigning little weight to Grady's opinions, including inconsistency with the record, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); evidence of conservative treatment, with positive response, *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Thomas*, 278 F.3d at 957; and an absence of adequate support in Grady's own treatment records, *Bayliss*, 427 F.3d at 1216, or in other evidence of record, *Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022).  Contrary to Plaintiff's contention, the ALJ identified specific evidence inconsistent with Grady's opinions in the thorough discussion of such evidence as related to Plaintiff's symptom testimony.  *See* AR 22 (referring to findings discussed at AR 1521-26).  *See also Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) (noting courts properly "read the ALJ's decision as a whole" and describing the repetition of "similar factual analyses" at multiple steps of the sequential evaluation process as a "needless formality").  And all of Plaintiff's remaining arguments at best offer a different interpretation of the evidence.  However, the fact an ALJ "*could* have come to a different conclusion" in interpreting the record does not suffice to demonstrate error.  *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original).  Because the ALJ's interpretation of the evidence is rational and supported by substantial evidence, her conclusions are properly upheld.  *Id*.

    **2.  Heather Deming, Psy.D.**

Dr. Deming conducted a psychological evaluation in March 2021.  AR 2840-44.  Dr. Deming opined Plaintiff's ability to maintain regular attendance and complete a normal workday/week was unlikely; that her ability to interact effectively with others was poor based on

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

1  her presentation and self-reported history; that she should not have trouble functioning

2  independently, but her ability to adapt to stressors effectively was unlikely; that she should be

3  capable of performing simple and repetitive tasks, but those involving more complexity would

4  pose more of a challenge; and that her persistence and pace would be encumbered by the

5  physical limitations she self-reported, along with her low baseline mood.  AR 2844.

6        The ALJ gave little weight to this opinion, finding it poorly supported and inconsistent

7  with Dr. Deming's findings and the longitudinal record.  AR 1515.  The ALJ found Dr. Deming

8  had little understanding of the overall diagnostic picture on which to form an opinion because

9  she saw Plaintiff once and reviewed no treatment notes or other records; adding that, while

10 indicating she had information from "'medical records'", the assessment did not reflect

11 information about Plaintiff's history from any source other than Plaintiff's subjective report.  *Id*.

12 The ALJ found Dr. Deming's "equivocal" assessment that Plaintiff was "'unlikely'" to maintain

13 regular attendance and adopt to stressors effectively did not reflect a specific vocational

14 limitation, and was "essentially a finding that the claimant 'cannot work' on a regular basis,"

15 which is not a medical opinion and is instead a legal conclusion reserved to the Commissioner.

16 *Id*. (citing 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1)).  Dr. Deming's statement that Plaintiff's

17 persistence and pace "'will be encumbered'" also did not articulate specific limitations, and she

18 was not qualified to assess any impact on Plaintiff's abilities stemming from physical

19 impairments.  The ALJ further found the assessment inconsistent with the overall unremarkable

20 mental status examination (MSE) and with the longitudinal record.  The ALJ, finally, noted her

21 earlier finding that the longitudinal record reflected little to no allegations, symptom complaints

22 to treating providers, or findings from treating providers to suggest limitation in mental

23 functioning.

1        Plaintiff asserts that the ALJ did not provide clear and convincing or even specific and
2   legitimate reasons for rejecting Dr. Deming's essentially uncontradicted opinion. She also
3   asserts that the ALJ incorrectly found Dr. Deming's findings did not support the opinions.
4        Plaintiff's mere assertion of error in the opening brief, without elaboration or specific
5   argument, does not suffice to demonstrate reversible error, and she waived any specific
6   arguments by first raising them in her reply. *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169,
7   1177 n.8 (9th Cir. 2009); *Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008);
8   *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).
9        The Court further observes that the ALJ here properly discounted Dr. Deming's opinion
10  based on her apparent lack of familiarity with other information in the record, 20 C.F.R. §§
11  404.1527(c)(6), 416.927(c)(6); upon finding it inconsistent with the overall unremarkable MSE,
12  *Bayliss*, 427 F.3d at 1216, and the longitudinal record, *Smartt*, 53 F.4th at 496; as offering
13  equivocal assessments that failed to articulate specific limitations, *Ford v. Saul*, 950 F.3d 1141,
14  1156 (9th Cir. 2020); *Thomas v. Saul*, 796 F. App'x 923, 925-26 (9th Cir. 2019); *Shelly A. O. v.*
15  *Comm'r of Social Sec. Admin.*, C18-2158, 2020 WL 3868504, at *10 (D. Or. Jul. 8, 2020); as
16  intruding on issues reserved to the Commissioner, 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1);
17  and as offering an opinion falling outside of Dr. Deming's area of expertise, 20 C.F.R. §§
18  404.1527(c)(5), 416.927(c)(5). The ALJ's reasons were sufficient, and her interpretation of the
19  evidence was both rational and supported by substantial evidence.

20            **3. Other Medical Evidence**

21        Plaintiff provides a lengthy description of medical records, and asserts the evidence
22  contradicts the ALJ's assertion that Grady's opinion and Plaintiff's testimony are inconsistent
23  with the medical record. Dkt. 19 at 7-11. However, the records do not contain medical opinions,

and Plaintiff's recitation of the content of the records does not advance a specific assignment of error. This portion of the briefing is therefore not further addressed.

### 4. State Agency Physicians

State agency psychological consultant Carol Moore, Ph.D., provided an opinion in April 2021. She opined Plaintiff could understand and remember simple instructions, standard work-like procedures, and regular work locations, but nothing more detailed; could carry out simple instructions, maintain concentration, persistence, and pace for up to two-hours continuously, maintain adequate attendance and complete a normal workday/week within normal tolerances, but would not be able to carry out more detailed tasks on a consistent and regular basis; could interact with others on an occasional/superficial basis and accept instructions from a supervisor; would have occasional difficulties with adapting to change, but could adapt to normal, routine changes, respond appropriately to normal hazards, and travel to unfamiliar places using public transportation or other modes of travel; and would not be able to set goals independently on a consistent basis, but could understand and follow employer set goals. AR 1630-34.

The ALJ gave little to no weight to Dr. Moore's opinion, finding it poorly supported because it appeared that the only evidence relied on as rationale for the opinion was the assessment of Dr. Deming. AR 1516 (citing AR 1624-26). The ALJ also found the opinion inconsistent with Dr. Deming's overall unremarkable MSE findings and with the longitudinal record, and pointed to her earlier finding that the longitudinal record reflected little to no evidence of allegations, symptom complaints to treating providers, or findings from treating providers to suggest significant limitation in mental function. *Id*. (citing AR 1514-15). The ALJ further noted that the "PHQ-9" depression symptom inventories in the record regularly showed Plaintiff denied most or all symptoms. *Id*. (citing AR 4795, 4807, 4813, 4852-53, 4856).

Plaintiff asserts that Dr. Deming's opinion is well supported and shows she was even more limited than opined by Dr. Moore. However, the ALJ provided sufficient, well supported reasons for rejecting the opinion of Dr. Deming, and Plaintiff's bare assertion as related to Dr. Moore does not suffice to demonstrate reversible error. *See also* AR 1519 (finding Plaintiff could understand, remember, and carry out simple, routine, and repetitive tasks, involving simple work-related decisions and occasional decision making and changes in the work setting).

The record also contains opinions assessing Plaintiff's physical impairments from State agency physicians Norman Staley, M.D., AR 623-25, Gordan Hale, M.D., AR 637-39, Dennis Koukol, M.D., AR 697-99, and Merry Alto, M.D., AR 1627-30. As reflected in the ALJ's decision, each physician assessed Plaintiff as able to perform a reduced range of light work. *See id*. and AR 1527. The ALJ gave these opinions great weight, stating the physicians are familiar with Social Security disability criteria, reviewed the record, and pointed to evidence to substantiate their opinions. AR 1527. The ALJ found the opinions to reflect the most comprehensive review of the evidence, and consistent with each other and the overall record. *Id*. The ALJ, finally, stated that the overall evidence indicated treatment for degenerative disc disease and other conditions, but also reflected a generally benign clinical presentation by Plaintiff and largely conservative course of treatment. *Id*.

Plaintiff asserts that the opinions of Drs. Staley, Hale, Koukol, and Alto are largely inconsistent with the opinion of ARNP Grady and clinical findings identified in Plaintiff's description of other medical evidence. She notes that the opinions of non-examining physicians are generally entitled to less weight than the opinions of treating and examining physicians, *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014), and states that, while not a physician, Grady was her primary care provider. Plaintiff also notes that Drs. Staley and Hale did not

review any evidence beyond their July 2015 opinions, that Dr. Koukol did not review any evidence beyond his June 2017 opinion, and that Dr. Alto did not review any evidence beyond her April 2021 opinion, and that none of these physicians reviewed her testimony.

Plaintiff does not demonstrate error. The ALJ here properly considered the non-examining State agency physicians' familiarity with and expertise in the evaluation of Social Security disability claims, 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1), 404.1527(c)(6), 419.927(c)(6), and properly accorded their opinions great weight upon finding them consistent with each other and with the longitudinal record, *see, e.g.*, *Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). The ALJ's finding of consistency, as with her assignment of little weight to Grady's opinion, is both rational and supported by substantial evidence. There is, moreover, "always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time." *Owen v. Saul*, 808 F. App'x 421, 423 (9th Cir. 2020). The Court, for these reasons, finds no error in the ALJ's consideration of these or any other medical opinion evidence of record.

### B. The ALJ Did Not Err in Evaluating Symptom Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136 37 (9th Cir. 2014). In this case, the ALJ provided a number of specific, clear, and convincing reasons for discounting Plaintiff's testimony, *see* AR 1521-26, including inconsistency with the medical and other evidence of record, *Smartt*, 53 F.4th at 497-99; *Carmickle*, 522, F.3d at 1161; evidence of routine and conservative treatment and its efficacy, *Wellington v. Berryhill*, 878 F.3d 867, 876

(9th Cir. 2017); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); inconsistent and/or non-existent reporting of symptoms, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); the fact Plaintiff testified she must use a cane and the absence of evidence she was prescribed a cane or regularly presented to appointments with one, *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999); inconsistency with her daily activities, *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); and evidence of possible medication seeking behavior, *Coleman v. Saul*, 979 F.3d 751, 757 (9th Cir. 2020); *Massey v. Comm'r Soc. Sec. Admin.*, 400 F. App'x 192, 194 (9th Cir. 2010).

Plaintiff's assertions of error, *see* Dkt. 19 at 12-18, are not persuasive. The ALJ, for example, properly considered evidence in the record suggesting medication seeking behavior. AR 1525 (citing AR 990, 992 (May 2014: noting report of no relief from prescriptions and that she "tried friend's 15mg Percocet, which helped and is requesting that."; finding "[p]ain reactions seems out of proportion w/ physical findings[]" and denying request); AR 1129-30 (June 2014: noting report of no relief from existing treatment and request for oxycodone; finding fact she took oxycodone from a friend concerning and recommending against opioids given absence of imaging to verify pathology, "exaggerated exam", with all maneuvers of lumbar spine producing extreme pain, and that she "also seems to be Oxycodone seeking in a roundabout way."); AR 1118 (December 2014: issuing first "aberrancy" after report of overtaking and running out of prescribed opioid ); AR 1109-11 (March 2015: issuing second aberrancy after request for increased medication dosage); and AR 4635 (October 2023: assessing medication overuse headache, encouraging to reduce oxycodone if possible, and noting Plaintiff's rejection of recommendation). Nor did the ALJ err in her assessment of the medical evidence, in finding inconsistency with that evidence or in considering an absence of objective evidence support as one of several different reasons for discounting Plaintiff's testimony, or in

finding Plaintiff's activities, considered along with her generally benign clinical presentation and the other evidence discussed, not consistent with the alleged degree of functional limitation. The ALJ's interpretation of the evidence was rational and has the support of substantial evidence.

### C. The ALJ Did Not Err at Step Four or Step Five

Plaintiff asserts that the ALJ's RFC assessment and step five conclusion lack the support of substantial evidence because they do not include the opinions of ARNP Grady or Dr. Deming, or the limitations alleged in her testimony. However, because the Court finds no error in relation to the medical evidence or symptom testimony, this derivative argument also fails.

Plaintiff additionally asserts inconsistency between the RFC and two of the jobs identified by the vocational expert (VE) and ALJ in relation to step five. She specifically asserts inconsistency between the RFC limitation to simple, routine, and repetitive tasks and the reasoning level 3 required by the fundraiser job, *see* Dictionary of Occupation Titles (DOT) No. 293.357-014, and between the RFC limitation to no exposure to vibration and the school bus monitor job, *see* DOT No. 372.667-042. However, while Plaintiff contends the school bus monitor job would obviously require exposure to vibration, the DOT listing for the job indicates vibration is not present. *See* 1991 WL 673102. Plaintiff therefore does not identify a conflict between the DOT and her RFC in relation to this position, or any error on the part of the ALJ. *See Zavalin v. Colvin*, 778 F.3d 842, 845-46 (9th Cir. 2015) (ALJ is entitled to rely on DOT and VE testimony as to specific occupations a claimant can perform in light of her RFC, and need only reconcile apparent conflicts between a VE's testimony and the DOT); *Jones v. Colvin*, C13-1410, 2015 WL 1266789, at *6 (C.D. Cal. Mar. 18, 2015) (noting absence of legal authority supported claimant's argument that ALJ was permitted to disregard DOT definition of school bus monitor and consistent VE testimony in favor of "'common sense'" or "'personal

experiences'" that a school bus subjects passengers to vibration). Moreover, even excluding the fundraiser job, the remaining jobs, *see* AR 1529, 1571 (20,000 school bus monitor jobs and 18,000 production assembler jobs), constitutes a significant number of jobs in the national economy, and therefore provides substantial evidence support for the ALJ's step five conclusion. *See, e.g., Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (finding 25,000 jobs a significant number).[3]

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 7th day of July, 2025.

*[signature: S. Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge

---

[3] Plaintiff also deems clearly erroneous the VE's assertion that a person who needs to use a cane at all times can perform the school bus monitor job. *See* AR 1571. However, in addition to the fact that Plaintiff waived this argument by not including it in her opening brief, it remains that the RFC does not include the need to use a cane or other assistive device.